# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
LLOYD LEWIS,                     )
                                 )
            Plaintiff,           )
                                 )
     v.                          )         1:18CV760
                                 )
C.R. ENGLAND, INC., et al.,      )
                                 )
            Defendants.          )
```

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) (the "Application"), filed in conjunction with his pro se Complaint (Docket Entry 2). At a hearing on the Application, the Court (per the undersigned United States Magistrate Judge) informed Plaintiff that it would defer ruling on the Application to permit Plaintiff an opportunity to file an Amended Complaint on or before November 8, 2018, addressing matters discussed at the hearing. (See Text Order dated Sept. 25, 2018.) On November 5, 2018, Plaintiff filed a Motion to Dismiss this action, "with leave to refile the [C]omplaint at a later date." (Docket Entry 4 at 1.) Because this motion lacked an original signature, as required under Rule 11 of the Federal Rules of Civil Procedure (the "Rules") (see id.), it failed to qualify as a voluntary notice of dismissal under Rule 41(a)(1)(A)(ii). Accordingly, the Court (per Chief United States District Judge Thomas D. Schroeder) struck the Motion to Dismiss

without prejudice to the filing of a proper document on or before November 30, 2018. (See Docket Entry 5 at 2.) However, Plaintiff has filed neither an Amended Complaint nor an Amended Motion to Dismiss. (See Docket Entries dated Nov. 8, 2018, to present.) For reasons set forth below, the Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

## LEGAL BACKGROUND

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing [IFP] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the IFP statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] The Court may also anticipate

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

affirmative defenses that clearly appear on the face of the complaint.  Nasim, 64 F.3d at 955.

## DISCUSSION

Plaintiff's Complaint names C.R. England, Inc., Javers Walker, Jr., Shelly Jones, and Eagle Atlantic Financial Services as Defendants. (See Docket Entry 2 at 1-2.)  It asserts that Plaintiff suffered workplace harassment and discrimination because of his race and religion in violation of "Section 5(a) of the Federal Trade Commission Act (FTC Act) (15 USC § 45)" (Docket Entry 2 at 3). (See id. at 4; see also Docket Entry 2-1 at 1-4 (elaborating on Plaintiff's claims).)[2]

As an initial matter, "[i]t is well established that the FTC Act does not create a private cause of action for enforcement of the FTC Act."  Wimbley v. Select Portfolio Servicing, Inc., No. 1:08-CV-939, 2009 WL 2045922, *3 (M.D.N.C. July 9, 2009) (unpublished); see also King v. Wilmington Transit Co., 976 F. Supp. 356, 358 (E.D.N.C. Mar. 17, 1997) ("Although the [United States Court of Appeals for the] Fourth Circuit has not addressed this issue, the other courts to do so are unanimous in holding that Congress did not intend to create a private cause of action by enacting the FTC A[ct]."), aff'd, No. 97-1521, 155 F.3d 559 (table), 1998 WL 390942 (4th Cir. June 22, 1998) (unpublished).  As the

---

[2] Although the Complaint details specific profanity and slurs allegedly directed at Plaintiff, repetition of those allegations remains unnecessary for purposes of this opinion.

-4-

Fourth Circuit has explained, "courts have declined to imply any private right of action [in the FTC Act] and have relied upon the regulatory scheme to police the industry." A & E Supply Co. v. Nationwide Mut. Fire Ins. Co., 798 F.2d 669, 675 (4th Cir. 1986). "Accordingly, an individual consumer or member of the public is not able to bring a civil case against a person, partnership or corporation alleging a violation of the [FTC] Act." Juste v. McDonald Restaurant Corp., 3:15-CV-54, 2015 WL 3939669, *4 (N.D. W. Va. June 26, 2015) (unpublished). Plaintiff therefore cannot pursue his claims under the FTC Act.

Nevertheless, liberal construction permits the Court to determine, based upon the factual matter in the Complaint alleging workplace harassment and discrimination, that this action conceivably could fall under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). See generally Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (noting "[t]he policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled"); Martin v. Gentile, 849 F.2d 863, 868 (4th Cir. 1988) (explaining that courts must "construe [pro se complaints] liberally to assert any and all legal claims that its factual allegations can fairly be thought to support" (citing Haines v. Kerner, 404 U.S. 519

(1972))). Regardless, as explained below, the Complaint fails to plead a viable Title VII claim.

A plaintiff must exhaust his administrative remedies by bringing a charge with the Equal Employment Opportunity Commission (the "EEOC") before filing suit under Title VII. Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). Moreover, the plaintiff must file such charge "within one hundred and eighty days after the alleged unlawful practice occurred." 42 U.S.C. § 2000e-5(e)(1). "A plaintiff's EEOC charge defines the scope of h[is] subsequent right to institute a civil suit." Smith, 202 F.3d at 247 (quoting Evans v. Technologies Applications and Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996)).

Here, Plaintiff did not include any EEOC materials, such as the EEOC charge or right-to-sue letter, with his Complaint. (See generally Docket Entry 2; Docket Entry 2-1.) Without the EEOC charge or, at least more detailed information about its contents within his pleading, Plaintiff has not shown that he lodged any charge with the EEOC and/or that the claims in the Complaint "reasonably relate[] to [any such] EEOC charge," Smith, 202 F.3d at 247-48.

Further, it bears noting that Title VII provides a cause of action only against employers, not supervisors or fellow employees. See Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998); Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510-11 (4th

-6-

Cir. 1994). For this reason, even setting aside the administrative exhaustion issue, Title VII claims could not proceed against Defendants Javers Walker, Jr. or Shelly Jones, identified as his fellow employees. (<u>See</u> Docket Entry 2 at 2; <u>see also</u> Docket Entry 2-1 at 1-4.) Additionally, the Complaint does not provide any indication that Defendant Eagle Atlantic Financial Services served as Plaintiff's employer. (<u>See generally</u> Docket Entry 2; Docket Entry 2-1.) Therefore, Title VII claims could not proceed against Defendant Eagle Atlantic Financial Services.

As a final matter, to the extent Plaintiff could pursue the racial discrimination aspect of his claims under 42 U.S.C. § 1981, he has filed this action in an improper venue. Pursuant to 28 U.S.C. § 1391(b), a plaintiff may bring a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The Complaint indicates that Defendants reside outside the Middle District of North Carolina. (<u>See</u> Docket Entry 2 at 2-4) (describing Defendants as either citizens of or incorporated under laws of Utah or Georgia). Therefore, Section 1391(b)(1) does not apply. As concerns Section 1391(b)(2), the Complaint alleges that

-7-

a "substantial part of the events or omissions giving rise" to Plaintiff's claims occurred in Utah, Georgia, and California, but nothing suggests that any of the relevant acts or omissions occurred in North Carolina. (See Docket Entry 2 at 4; see also Docket Entry 2-1 at 1-4.) Similarly, given the apparent availability of federal courts in Utah, Georgia, and/or California as forums for these claims, as well as the absence of allegations linking any Defendant to this District, Section 1391(b)(3) cannot support venue here.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Plaintiff does not face any immediate statute of limitations issue regarding any Section 1981 claim and he could select from among several potential proper venues, the interests of justice do not call for transfer in lieu of dismissal (without prejudice) of any such claim.

## CONCLUSION

Plaintiff cannot bring a claim under the FTC Act, he has not shown that he exhausted administrative remedies as required for a claim under Title VII, and he cannot proceed in this District on any claim under Section 1981.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed <u>In Forma Pauperis</u> (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted, without prejudice to Plaintiff filing a new complaint in the proper forum setting out a viable claim under 42 U.S.C. § 1981.

                                       /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                              **United States Magistrate Judge**

January 31, 2019